# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TENNESSEE
# NORTHERN DIVISION

ROBERT M. COCHRAN, individually, and on behalf of all others similarly situated,

Plaintiff,

v.

EMORTGAGE LENDING, INC., and JOHN DOES 1-10,

Defendant.

Case No. 3:22-cv-00429

## CLASS ACTION COMPLAINT

**NOW COMES** ROBERT M. COCHRAN ("Plaintiff), individually, and behalf of all others similarly situated, by and through his undersigned counsel, complaining of EMORTGAGE LENDING, INC., and JOHN DOES 1-10 ("Defendants"), as follows:

## NATURE OF THE ACTION

1. Plaintiff brings this action seeking redress for Defendants' violations of the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227 *et seq.*, and the Tennessee Consumer Protection Act ("TNCPA") under Tenn. Code § 47-18-104 *et seq*.

2. "The primary purpose of the TCPA was to protect individuals from the harassment, invasion of privacy, inconvenience, nuisance, and other harms associated with unsolicited, automated calls." *Parchman v. SLM Corp.*, 896 F.3d 728, 738-39 (6th Cir. 2018) *citing* Telephone Consumer Protection Act of 1991, Pub. L. No. 102-243, § 2, 105 Stat. 2394 (1991).

3. As the Supreme Court recently observed, "Americans passionately disagree about many things. But they are largely united in their disdain for robocalls." *Barr v. Am. Ass'n of Political Consultants*, 140 S. Ct. 2335, 2343 (2020).

## JURISDICTION AND VENUE

4. This Court has federal question jurisdiction pursuant to 28 U.S.C. § 1331 as the TCPA is a federal statute.

5. Venue in this district is proper pursuant to 28 U.S.C. § 1391(b)(2) as a substantial part of the events and omissions giving rise to Plaintiff's claims occurred in this judicial district.

## PARTIES

6. Plaintiff is a natural person, over 18-years-of-age, who at all times relevant resided in Bean Station, Tennessee.

7. Plaintiff is a "person" as defined by 47 U.S.C. § 153(39).

8. Defendant offers a wide array of exclusive wholesale mortgage products to consumers throughout the United States.[i].

9. Defendant maintains its principal place of business in Bonita, California.

10. Defendant is a "person" as defined by 47 U.S.C. § 153(39).

11. JOHN DOES 1-10 are third party vendors/agents that Defendant engages to place outbound marketing calls to individuals on Defendant's behalf.

12. At all times relevant, Defendant had an agency relationship with JOHN DOES 1-10 whereby Defendant (as the principal) had the right to control and direct the activities of JOHN DOES 1-10 (as the agents) and JOHN DOES 1-10 (as the agents) had the authority to act on behalf of Defendant. Accordingly, Defendant, as the principal of JOHN DOES 1-10, is liable for the acts of its agents JOHN DOES 1-10.

## FACUTAL ALLEGATIONS

13. Upon information and belief, Defendant develops marketing campaigns using a combination of sales channels, with an emphasis on outbound telemarketing.

2

14. Upon information and belief, Defendant utilizes third-party vendors (John Does 1-10) to advertise its lending options on Defendant's behalf.

15. Upon information and belief, Defendant's vendors are essential to the success of its telemarketing campaigns.

16. Upon information and belief, Defendant's ability to solicit lending applicants significantly depends on its access to high-quality vendors.

17. Defendant is subject to liability under the TCPA for actions of its third-party vendors who engage in outbound telemarketing efforts on Defendant's behalf.

18. Upon information and belief, Defendant's third-party vendors identify themselves as representatives of "eMortgage" and "eMortgage Lending".

19. At all times relevant, Plaintiff was the sole operator, possessor, and subscriber of the number ending in 0642.

20. At all times relevant, Plaintiff's number ending in 0642 was assigned to a cellular telephone service.

21. At all times relevant, Plaintiff was financially responsible for his cellular telephone equipment and services.

22. At all times relevant, Plaintiff's cellular telephone number ending in 0642 has been registered on the National Do Not Call List.[1]

23. In or around the summer of 2022, Plaintiff obtained a pre-approval to purchase a home through LoanDepot, LLC.

24. Soon after Plaintiff obtained the preapproval, he began receiving unwanted calls from Defendant.

---

[1] https://www.donotcall.gov/ (last visited November 22, 2022).

25. Plaintiff never applied for a loan or financing from Defendant.

26. Frustrated with the solicitation phone calls he was receiving, Plaintiff registered his phone number with the National Do Not Call Registry on August 4, 2022.

27. Unfortunately, Plaintiff continued to receive unwanted calls from Defendant.

28. Specifically, on August 10, 2022, Plaintiff received a call from the Defendant.

29. During said phone call, Defendant's agent advised she was calling from eMortgage Lending.

30. Plaintiff advised Defendant's agent that he did not wish to receive solicitation calls from Defendant, to which Defendant's agent replied "so you are not interested in taking out some of the equity from your home?"

31. Plaintiff again advised the Defendant's agent that he did not wish to receive solicitation calls, at which time the agent disconnected the call.

32. On October 19, 2022. Plaintiff answered a call to his cellular phone that was identified as "Spam Risk."

33. During said call, the Defendant said she was calling from "eMortgage."

34. Despite Plaintiff's registering his number on the National Do Not Call Registry, and Plaintiff specifically requesting to not receive any more calls from Defendant, Defendant has continued to place solicitation calls to Plaintiff's cellular phone number.

35. Defendant has called Plaintiff from many Tennessee numbers including (931) 350-8270.

36. It was clear to Plaintiff that Defendant's calls utilized an artificial and/or prerecorded voice and/ or an auto-dialer because there was a noticeable period of silence after he said "hello" while Defendant's system connected him to a live agent.

37. At no point in time did Plaintiff provide Defendant with consent to place solicitation calls to his cellular phone number.

## DAMAGES

38. Plaintiff values his time, privacy, and solitude.

39. Defendant's unlawful marketing practices have caused Plaintiff concrete harm, including: invading Plaintiff's privacy, annoyance, nuisance, wasting Plaintiff's time, the increased risk of personal injury resulting from the distraction caused by the solicitation calls, decreased productivity, aggravation that accompanies unwanted solicitation calls, frustration, loss of concentration, and the loss of battery charge.

40. Plaintiff is married with children. Each time Defendant left a message on Plaintiff's cellular phone, Plaintiff was forced to drop whatever he was doing and check his phone to make sure that there was no emergency involving his family that required his immediate attention.

41. Concerned with the escalation of Defendant's invasive marketing practices, Plaintiff was forced to file this lawsuit to compel Defendant to cease its unlawful telemarketing practices.

## CLASS ALLEGATIONS

42. All preceding Paragraphs of this Complaint are expressly adopted and incorporated herein as though fully set forth herein.

43. Plaintiff brings this action pursuant to Fed. R. Civ. P. 23(b)(2) and 23(b)(3) individually, and on behalf of all others similarly situated ("Putative Classes") defined as follows:

### Do-Not-Call Registry Class

All individuals in the United States (1) to whom Defendant, or a third party acting on Defendant's behalf, placed, or caused to be placed, a phone call; (2) directed to a cellular telephone number; (3) that is registered on the national do-not-call registry; (4) in which the purpose of the call was to solicit mortgage lending; (5) within the four years preceding the date of the original complaint through the date of class certification.

44. The following individuals are excluded from the Putative Classes: (1) any Judge or Magistrate Judge presiding over this action and members of their families; (2) Defendant, Defendant's subsidiaries, parents, successors, predecessors, and any entity in which Defendant or its parents have a controlling interest and their current or former employees, officers, and directors; (3) Plaintiff's attorneys; (4) individuals who properly execute and file a timely request for exclusion from the Putative Classes; (5) the legal representatives, successors, or assigns of any such excluded individuals; and (6) individuals whose claims against Defendant have been fully and finally adjudicated and/or released.

**A.  Numerosity**

45. Upon information and belief, the members of the Putative Classes are so numerous that joinder of them is impracticable.

46. The exact number of the members of the Putative Classes is unknown to Plaintiff at this time and can only be determined through targeted discovery.

47. The members of the Putative Classes are ascertainable because the Classes are defined by reference to objective criteria.

48. The members of the Putative Classes are identifiable in that their names, addresses, and telephone numbers can be identified in business records maintained by Defendant or its third-party vendors.

### B. Commonality and Predominance

49. There are many questions of law and fact common to the claims of Plaintiff and the claims of the members of the Putative Classes.

50. Those questions predominate over any questions that may affect individual members of the Putative Classes.

### C. Typicality

51. Plaintiff's claims are typical of members of the Putative Classes because Plaintiff and members of the Putative Classes are entitled to damages as a result of Defendant's unlawful marketing practices.

### D. Superiority and Manageability

52. This case is also appropriate for class certification as class proceedings are superior to all other available methods for the efficient and fair adjudication of this controversy.

53. The damages suffered by the individual members of the Putative Classes will likely be relatively small, especially given the burden and expense required for individual prosecution.

54. By contrast, a class action provides the benefits of single adjudication, economies of scale, and comprehensive supervision by a single court.

55. Economies of effort, expense, and time will be fostered, and uniformity of decisions ensured.

### E. Adequate Representation

56. Plaintiff will adequately and fairly represent and protect the interests of the Putative Classes.

57. Plaintiff has no interests antagonistic to those of the members of the Putative Classes and Defendant has no defenses unique to Plaintiff.

58. Plaintiff has retained competent and experienced counsel in consumer class action litigation.

## CLAIMS FOR RELIEF

### COUNT I:
**Violations of the Telephone Consumer Protection Act**
**(On behalf of Plaintiff and the Members of Do-Not-Call Registry Class)**

59. All preceding Paragraphs of this Complaint are expressly adopted and incorporated herein as though fully set forth herein.

60. Pursuant to 47 C.F.R. §64.1200(c)(2) (a regulation based on 47 U.S.C. §227(c)), it is a violation of the TCPA to call "[a] residential telephone subscriber who has registered his or her telephone number on the national do-not-call registry of persons who do not wish to receive telephone solicitations that is maintained by the Federal Government. This regulation also applies to wireless telephone subscribers who have registered their numbers on the national do-no-call registry." *Heidorn v. BDD Mktg. & Mgmt. Co., LLC*, 2013 U.S. Dist. LEXIS 177166, at *30-31 (N.D. Cal. 2013).

61. Defendant violated 47 C.F.R. §64.1200(c)(2) by placing or causing to be placed solicitation calls to Plaintiff's cellular telephone number while it was registered on the National Do Not Call Registry.

62. As pled above, Plaintiff never consented to receiving solicitation calls from Defendant.

63. Defendant knew or should have known that Plaintiff's phone number was on the Do-Not-Call Registry as the Registry is publicly available and easily accessible.

64. Instead of scrubbing Plaintiff's phone number through the Do-Not-Call Registry prior to making its solicitation calls, Defendant recklessly placed calls to Plaintiff's cellular phone number without first scrubbing Plaintiff's phone number through the Do-Not-Call Registry.

65. Upon information and belief, Defendant does not maintain adequate procedures or protocols to ensure that it does not place solicitation calls to phone numbers that are registered on the National Do-Not-Call Registry.

**WHEREFORE**, Plaintiff, on behalf of himself and the members of the Do-Not-Call Registry Class, requests the following relief:

- A. an order granting certification of the Do-Not-Call Registry Class, including the designation of Plaintiff as the named representative, and the appointment of the undersigned as Class Counsel;
- B. an order enjoining Defendant from placing or causing to place further violating calls to consumers;
- C. judgment in Plaintiff's favor for Defendant's violations of the TCPA;
- D. judgment in favor of the Do-Not-Call Registry Class for Defendant's violations of the TCPA;
- E. an award of $500.00 in damages to Plaintiff and the members of the Do-Not-Call Registry Class for each violating call;
- F. an award of treble damages up to $1,500.00 to Plaintiff and the members of the Do-Not-Call Registry Class for each violating call; and
- G. any further relief this Court deems just and proper.

## COUNT III:
### Violations of the Tennessee Consumer Protection Act

66. All preceding Paragraphs of this Complaint are expressly adopted and incorporated herein as though fully set forth herein.

67. At all relevant times, Defendant's conduct was in connection with "trade," "commerce," and a "consumer transaction" as defined by Tenn. Code § 47-18-103(20). *Franks v Sykes,* 600 S.W.3d 908 (Tenn. 2020).

68. The TNCPA provides that, "[u]nfair or deceptive acts or practices affecting the conduct of any trade or commerce constitute unlawful acts or practices." Tenn. Code § 47-18-104(a).

69. Defendant violated the TNCPA by engaging in an unfair, unconscionable, and deceptive acts in contacting Plaintiff. Defendant willfully engaged in unfair conduct when it repeatedly called Plaintiff after being notified to cease its contacts. The fact Plaintiff was compelled to reiterate his demands for no further phone calls by registering his number with the National Do Not Call Registry only further evinces the willfully unfair and unconscionable conduct engaged in by Defendant. Defendant engaged in its harassing phone call campaign not in a legitimate attempt to contact a consumer to offer its services, but instead in a willfully and/or recklessly unfair attempt to harass a consumer into submission.

70. The repeated contacts were extremely unfair to Plaintiff and were made with deception and the hope that Plaintiff would succumb to the harassing behavior and ultimately apply for a loan with Defendant. In continuing to make such calls, Defendant unlawfully represented to Plaintiff its lawful ability to make such harassing phone calls. Rather than abiding by Plaintiff's wishes, Defendant continued in its harassing and deceptive campaign of phone calls.

**WHEREFORE**, Plaintiff respectfully requests that this Honorable Court enter judgment in his favor as follows:

A. Declaring that the practices complained of herein are unlawful and violate the aforementioned statutes and regulations;

B. Awarding Plaintiff actual damages pursuant to Tenn. Code § 47-18-109(a)(1);

C. Award Plaintiff punitive damages pursuant to Tenn. Code § 47-18-109(3);

D. Award Plaintiff reasonable attorney's fees and costs pursuant to Tenn. Code § 47-18-103(e)(1);

E. Enjoining Defendant from contacting Plaintiff pursuant to Tenn. Code § 47-18-103(b); and,

F. Awarding any other relief as the Arbitrator deems just and appropriate.

## DEMAND FOR JURY TRIAL

Pursuant to Fed. R. Civ. P. 38(b), Plaintiff demands a trial by jury.

Dated: November 30, 2022                                     Respectfully submitted,

                                                                 **ROBERT M. COCHRAN**

                                                                 */s/ Marwan R. Daher*
                                                                  Marwan Rocco Daher, Esq.
                                                                  SULAIMAN LAW GROUP, LTD.
                                                                  2500 South Highland Avenue
                                                                  Suite 200
                                                                  Lombard, Illinois 60148
                                                                  (630) 575-8180
                                                                  mdaher@sulaimanlaw.com

---

[i] https://www.emortgagecal.com/ (last visited November 22, 2022).